This is an application for divorce on the ground of extreme cruelty. Petitioner produced seven witnesses, herself included. None were offered by the defendant and he, himself, did not take the witness stand. It is contended that the petitioner is therefore entitled to a decree. In matters of divorce the state is considered as a party on the theory of public policy. Even in uncontested cases a decree is never granted except after evidence taken before a special master, which is reviewed by an advisory master. It frequently happens that relief is denied on petitioner's testimony even though no answer has been filed. Therefore, I cannot consider the defendant's failure to offer evidence as conclusive against him. I must carefully consider petitioner's testimony in order to find if it be sufficient in itself, without contradiction, to warrant a decree. *Page 332 
Petitioner and defendant were married on February 1st, 1911. Three children were born to them. They lived together as husband and wife until June 2d 1927. Then petitioner left her husband's bed and occupied a separate room. They continued in this unfortunate situation in the same house until Labor Day, 1928. Defendant then left the home and has since resided elsewhere. Four months prior to this — April 27th, 1928 — petitioner instituted her suit.
It is not necessary to set out in detail petitioner's testimony. I have read it carefully and will comment on what parts of it I think should be mentioned. She charges that he endeavored to destroy her automobile. There is no corroboration for this except that she says she saw him "monkey" with the machine several times. She says he called her vile names in the presence of one Mrs. Prichard. Mrs. Prichard was not called in corroboration. She says he so arranged the gas heater as to let the gas escape, presumably for the purpose of destroying her and her children — who were also his own. The only corroboration for his highly improbably accusation is the son's testimony. He says he saw his father doing something to the gas heater. During a period of about two months gas escaped. The mother and the children went to the cellar, found the pilot light extinguished, relighted it, and after two months the trouble ceased. There is evidence that after the birth of her last child petitioner declined physically and nervously. It is not conclusively shown that the husband was in any way responsible for this condition. In fact, she admits defendant took her to the doctor himself.
It is unnecessary to further elaborate the facts. This, in my opinion, is an example of unfortunate marriages which sometimes take place. Petitioner, herself, says she was never happy with him from the beginning. At least once she decided to leave him. Such a matrimonial condition does not constitute a cause for divorce in this state. Constant quarrelling is not extreme cruelty on the part of the defendant. It is hardly necessary to cite cases to sustain the proposition that extreme cruelty must be of such a character as to make petitioner fear for her personal safety. But inter *Page 333 alia, see English v. English, 27 N.J. Eq. 579, and Taylor
v. Taylor, 73 N.J. Eq. 745. This could not have been the case here. The petitioner lived under the same roof with the defendant after filing her petition, for four months, and eventually he left her, not she him. This would not seem to indicate that she was afraid to live with him.
My observation of petitioner on the witness-stand convinces me that she is a very excitable woman, and has exaggerated her fancied grievances.
I will advise a decree dismissing the petition.